IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAMES HOAG** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   No. |
| | ) |
| **NORFOLK AND SOUTHERN RAILWAY CO.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT

**NOW COMES** the Plaintiff **JAMES HOAG**, by and through his attorney, John S. Bishof, Jr. of the Law Office of John Bishof PC, for his cause of action against the Defendant, **NORFOLK AND SOUTHERN RAILWAY CO.,** and states and alleges as follows:

### PARTIES

1. Plaintiff, **JAMES HOAG**, was, and at all times herein mentioned, a resident of County, Indiana.

2. The Defendant, **NORFOLK SOUTHERN RAILWAY COMPANY (**hereinafter referred to as "**NSRC**"), is a railroad company organized and existing by virtue of the laws of the State of Virginia and at all times pertinent hereto, was and is doing business in the County of Allen, Indiana and County of Cook, State of Illinois, as an interstate common carrier by rail transporting freight for hire in and from the various states of the union including the States of Virginia, Indiana and Illinois.

3. Plaintiff, **JAMES HOAG**, began his employment with the **NSRC** in 1972 and ended his employment in May of 2008. During most of his career, plaintiff was a conductor and delegated many job tasks that were repetitive in nature.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Defendant **NSRC** and venue is proper in this court pursuant to 45 U.S.C. §§ 56, commonly known as the Federal Employers' Liability Act (FELA).

## VIOLATION OF THE FEDERAL EMPLOYERS LIABILITY ACT

5.      Plaintiff, **JAMES HOAG**, was in the course and scope of his employment with **NSRC** working as a Conductor and was required to perform various repetitive tasks, including, but not limited to, throwing switches, removing derails from the track, connecting air hoses, applying and releasing handbrakes of rail cars, holding onto the side of rail cars, coupling cars and giving signals to fellow crew members by waving a lantern.

6.      On March 18, 2010, plaintiff was diagnosed with carpel tunnel syndrome by his physician. It was over a year later, August of 2011, that he became aware that the carpel tunnel was causally related to the activities that he performed at the work place as a conductor for the defendant.

7.      That the Defendant, **NSRC**, by and through its agents, servants and employees, were then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

    a.    In failing and neglecting to provide Plaintiff with a reasonably safe place to work;

    b.    In failing and neglecting to provide Plaintiff with reasonably safe tools and equipment, including but not limited to switches that were difficult to throw due to poor maintenance;

    c.    In failing and neglecting to provide Plaintiff with reasonably safe equipment such as handbrakes on railcars which were not properly maintained and lubricated;

    d.    In failing and neglecting to inspect, maintain and repair the tools and equipment including, switches, derails, air hoses and coupling devices it required plaintiff to operate;

    e.      In failing and neglecting to properly warn Plaintiff that said tools and equipment were defective;

    f.      In negligently creating and permitting a dangerous and hazardous condition to exist at the work place where its employees were required to operate during the course of their emplyment.

    g.      In failing and neglecting to adopt, enforce and carry out safe customs and practices in doing said work;

    h.      In failing and neglecting to adopt, install, implement and enforce a safe method and procedure for the work assigned to Plaintiff;

    i.      Other acts of negligence.

8.     That as a result, in whole or in part, of the aforesaid negligence of Defendant, **NSRC,** plaintiff was caused to seek medical care for carpel tunnel syndrome, his hands and wrists. Only over a year after plaintiff was diagnosed with carpel tunnel syndrome by his physician on March 18, 2010 was he informed that his permanent injuries were caused by repetitive trauma due to activities performed at the work-place.

9.     That as a result, in whole or in part, of the aforesaid negligence of Defendant, **NSRC**, Plaintiff sustained and will continue to sustain into the future, great bodily and mental pain and anguish, and was made otherwise sick, sore and lame, which injuries are severe and permanent in nature.

10.    That in an effort to treat, heal and relieve said injuries and as a result, in whole or in part, of the aforesaid negligence of Defendant, **NSRC,** Plaintiff has incurred and will incur into the future substantial expenses for medical, hospital, nursing and related care, the full extent of which are not determinable at this time.

11. That as a result, in whole or in part, of the aforesaid negligence of Defendant, **NSRC**, plaintiff has experienced a loss of wages and will continue to suffer a loss of wages into the future; and that plaintiff will continue to suffer a permanent diminution or loss of earning capacity, the full extent of which at this time cannot be determined.

12. That as a result, in whole or in part, of the aforesaid negligence of Defendant, **NSRC** Plaintiff has experienced a loss of enjoyment of life from the past and into the future.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant **NSRC**, for recovery of reasonable damages in an amount greater than Fifty Thousand Dollars ($50,000.00), together with interest thereon, and for his costs and for such other and further relief to which he may appear entitled.

Respectfully submitted,

/s John S. Bishof, Jr.
John S. Bishof, Jr., #213926
Law Office of John Bishof P.C
77 West Washington St., Suite 1910
Chicago, IL 60602
Ph: 312-630-2048  Fax: 312-630-2085